1   JENNIFER VERA GUTIERREZ
2   3985 Bolinas Place
    Discovery Bay, CA 94505
3   Phone: 925.395.3405
    Fax:    800.680.4268
4
    Pro Se

**FILED**

MAY 15 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5                    **UNITED STATES DISTRICT COURT**

6                    **NORTHERN DISTRICT OF CALIFORNIA**

7                    **SAN FRANCISCO DIVISION**

8

9
    In re:                              )
10                                       )   Case No:
11   JENNIFER VERA GUTIERREZ             )   **CV 18   2849**
12                                       )
13                                       )
                                         )
14   *Plaintiff,*                        )   **COMPLAINT FOR INJUNCTIVE**
15                                       )       **RELIEF AND DAMAGES**
                                         )
16                                       )
                                         )   **TRIAL BY JURY REQUESTED**
17   Vs                                  )
                                         )
18   PACIFIC GAS AND ELECTRIC            )
19   COMPANY, a California Corporation;  )
     THE AFFILIATED GROUP a              )
20   Minnesota corporation dba           )
     AFFILIATED CREDIT SERVICES and      )
21                                       )
     DOES 1-15.                          )
22                                       )
23   *Defendants,*                       )
                                         )
24                                       )
                                         )
25                                       )
                                         )
26                                       )
                                         )
27                                       )
28

**1**
**COMPLAINT**

1
2
3
4
5

# **VERIFIED COMPLAINT**

JENNIFER VERA GUTIERREZ (Plaintiff) in pro se respectfully brings this action

against PACIFIC GAS AND ELECTRIC COMPANY, a California Corporation; The

AFFILIATED GROUP, a Minnesota Corporation dba AFFILIATED CREDIT SERVICES and

DOES 1-15

(Defendants):

Case 3:18-cv-02849-WHO   Document 1   Filed 05/15/18   Page 3 of 31


# INTRODUCTION

1. Plaintiff brings this action for damages, injunctive relief and any other available legal or equitable remedies arising from the Defendants' violation of section 1692 et. Seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act. ("FDCPA"). In connection with the collection of a debt, Defendants, Pacific Gas and Electric Company and the Affiliated Group dba Affiliated Credit Services directly or indirectly have used false, deceptive, or misleading representations or means in violation of 807 of the FDCPA, 15 U.S.C. §1692 e. Defendants negligently, and/or willfully contacting Plaintiff on Plaintiff' cellular telephone, in violation of The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*,("TCPA") therefore invading Plaintiff's privacy. This case is about an outrageous conspiracy to defraud, cause harm carried out by PACIFIC GAS AND ELECTRIC COMPANY (PG &E), an investor-owned utility with public traded stock in the State of California against PLAINTIFF, her family and home based business perpetrated for the purpose of intimidating and harassing Plaintiff, her family, and her potential tenants for the sole purpose of collecting a disputed debt. Defendant, Pacific Gas and Electric Company, their employees and individuals acting in concert with them conspired to defraud and harm Plaintiff. On information and belief, on a date better known to Defendants, Defendant the Affiliated Group dba Affiliated Credit Services began collection activities on an alleged Consumer Debt from the Plaintiff on the authority and at the direction of Defendant, Pacific Gas and Electric Company.

**COMPLAINT**

# FACTUAL ALLEGATIONS RELATING TO DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY

2. On or about September 25, 2017, Plaintiff requested and obtained essential electric, solar and natural gas services from Defendant, PACIFIC GAS AND ELECTRIC COMPANY for her residence: 3985 Bolinas Place Discovery Bay (Byron), CA 94505 for continued electric, solar and natural service billed on a monthly term and complied with all of Pacific Gas and Electric Company's rules, contract terms and contract provisions for the continuation of electric, solar and natural gas services to Plaintiff's residence.

3. On Wednesday, October 18, 2017, a representative for Pacific Gas and Electric Company contacted Plaintiff via telephone, leaving a voicemail and subsequently sent a message via email. (Exhibit A) The PG & E representative demanded that Plaintiff pay a security deposit in the amount of $1,592 for her new PG & E account number #1431657055-6 to guarantee continued utility services for her residence/home office located at 3985 Bolinas Place Discovery Bay (Byron), CA 94505. The representative stated that Plaintiff owed Defendant a security deposit to guarantee utility services for her new PG & E account 1431657055-6 for the service address of 3985 Bolinas Place Discovery Bay (Byron), CA 94505. In the email the PG & E representative threatened that if the security deposit was not paid by Thursday, October 19, 2017, her utility services would be disconnected. Specifically, the PG & E representative wrote in her email:

   1. "Please be advised that service at 3985 Bolinas Pl is scheduled for interruption on Friday, October 20, 2017. Remittance of the requested $1,592.00 deposit by Thursday, October 19, 2017 will prevent this action." (Exhibit A)

4. Plaintiff promptly sent an email response to PG & E's representative on October 18,

**4**
**COMPLAINT**

2017. In her email where she apologized for any delay in the payment of the security

deposit. She explained in detail that she had overlooked the previous deposit request due

to her Mother's sudden hospitalization. (Exhibit B) Plaintiff promised to pay the

security deposit that same day. Plaintiff made a cash payment of $1,592 at the local PG

& E pay station on Wednesday, October 18, 2017. Plaintiff sent a copy of the receipt for

the payment for account number 1431657055-6 via email to the PG & E representative.

(Exhibit C) She also left a voicemail for the representative informing her of the security

deposit payment. On Saturday, October 21, 2017, Plaintiff received her Utility Bill from

defendant, Pacific Gas and Electric Company. The bill titled "PG & E Energy

Statement" was sent to Plaintiff via United States Postal Service. (Exhibit D) The Bill

was dated 10/13/2017 for "Account No: 1431657055-6" with "Due Date11/03/2017"

service for "Jennifer Vera Gutierrez 3985 Bolinas Pl Byron, CA 94505. The PG & E bill

states:

**"ACCOUNT SUMMARY"**

**Current Electric Monthly Charges $5.26**

**Current Gas Charges          15.82**

**Deposit (09/27/2017)          1592.00**

**TOTAL AMOUNT DUE by 11/03/2017   $1,613.08**

5. The Energy Statement is not a 15 day notice or "48-Hour Disconnection Notice." It

listed a due date of November 3, 2017. (Exhibit D) Plaintiff was confused that the bill

from PG & E was not a shutoff notice as the PG & E representative warned her about.

Plaintiff was also confident that her utility services would not be terminated due to her

compliance of the security deposit payment as requested by the PG & E representative on Wednesday, October 18, 2017.

6. On Tuesday, October 24, 2017 at approximately 10:30A, an unknown male technician from Pacific Gas and Electric Company (without warning or consent) arrived at Plaintiff's residence/home office at 3985 Bolinas Place Discovery Bay (Byron) CA 94505 and physically disconnected the electric/solar, gas services supplied by Pacific Gas and Electric Company. A Door Hanger notice labeled "PG & E SONP Customer Notification" (SONP Shut-off Non-payment) for "account number with Check Digit 1431757055-6 (handwritten) was left on Plaintiff's front door at her residence located at 3985 Bolinas Place Discovery Bay, (Byron) CA 94505. (Exhibit E).

7. The Notice reads as follows:

"Pacific Gas and Electric Company            Customer Revenue Transactions"

PG &E
SONP Customer Notification

Date: 10-24-17

Account Number with Check Digit: 1431657055-6

Dear Customer:

Your gas and/or electric service has been disconnected because of an unpaid past-due bill or credit deposit.
*The **Total Amount Due** prior to service being restored, is the **Subtotal** written below **Plus a Reconnect Fee\***.*

6
COMPLAINT

| Current & Past Due Bill | **$19,859.** |
|---|---|
| Credit Deposit | $_____ |
| Other Charges | $_____ |
| **SUBTOTAL** | $_____ |
| **+RECONNECT FEE** | $ SEE BELOW* |

**\*RECONNECT FEES for each gas and/or electric services are a maximum of**

$25.00   If bill is paid and PG & E is contacted:
   **Monday – Friday** before 3 PM for same day restoration
   **Monday – Saturday** after 3 PM for next day business day (M-F) restoration
   **Sundays and Holidays** for next business day (M-F) restoration

$37.50   If bill is paid and PG & E is contacted:
   **Monday – Friday** between 3 PM and 5 PM for same day or **Saturday**
                    restoration
   **Saturday** before 3 PM for same day restoration

Additional, your unpaid bill may require you to pay a deposit twice your maximum monthly bill to re-establish credit.

**Payment Options**

**Pay By Phone** – To pay by phone using an ATM card (which displays the STAR symbol) please call **1-866-707-0682** any time.  A fee is charged by our independent service provider for each ATM transaction.  You will need your Pacific Gas and Electric Company account number from your bill to process your payment.  After full payment is made, call **PG &E at 877-743-5950**. Have your receipt number available.  When payment is verified, a service order will be issued to restore service.

**Pay Stations** – You MUST bring a copy of your Pacific Gas and Electric Company bill with you.  After full payment is made, **call us at 877-743-5950.**  Have your pay station receipt available.  When payment is verified, a service order will be issued to restore service.

Call PG & E for the pay station location nearest you.

**Local Office** - Take this card with you to your local office.  When full payment is made a service order will be issued to restore service.

7
**COMPLAINT**

Local office address

**Payment Assistance – Call us at 877-743-5950** for a list of agencies.

8. Pacific Gas and Electric Company provided no prior notice and no opportunity to be heard to Plaintiff before termination of Plaintiff's electric, solar and natural gas services. Plaintiff was blindsided by Defendant, PG & E's collection actions. Plaintiff had not been billed the amount demanded on the "SONP Customer Notification" dated October 24, 2017. Plaintiff had just been contacted by Defendant's representative 3 business days prior to disconnection demanding a different amount. (which Plaintiff immediately paid). Plaintiff contacted Defendant, Pacific Gas and Electric Company, but their only response was that there were "no payment arrangement options available." The amount of $19,859 was due in full to restore utility services. The security deposit would remain on the account. Plaintiff was informed by the defendant, Pacific Gas and Electric Company's representative that she (Plaintiff) "should have known the amount due to keep her utility services on."

9. Plaintiff has repeatedly requested that electric, solar and natural gas services be reconnected, but Defendant, Pacific Gas and Electric Company has repeatedly denied Plaintiff's requests without rational basis.

10. Defendants routinely grant electric, solar and natural gas service upon request, and allow payment arrangements for outstanding balances. The Electric, Solar and Natural Gas reconnection would have been granted to similarly situated people.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction under 28 U.S.C. §1331 because this action alleges violations of federal statutes, including Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), Fair Credit Reporting Act (15 U.S.C. § § 1681 et seq.); and the Telephone Consumer Protection Act (47 U.S.C. 15 U.S.C. § 227 et seq.), This action is also brought pursuant 42 U.S.C. §1983 to redress the deprivation by Defendants, acting under color of state law, secured to Plaintiff under the United States Constitution, the California Constitution and state law where applicable.

12. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343, 1343(3) and 1343(4) which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. §1983. Jurisdiction is conferred by 28 U.S.C. §1331(a) because the claims for relief derive from the United States Constitution and laws of the United States. Supplemental or pendent jurisdiction applies pursuant to 28 U.S.C. §1367 in regards to Plaintiff's claims under state law in that these claims arise out of a common nucleus of events and related facts.

13. Defendants, Pacific Gas and Electric Company and the Affiliated Group dba Affiliated Credit Services are subject to personal jurisdiction in this District because these Defendants: (1) are either based in, incorporated in, or reside in the State of California; and (2) have conducted business and/or purported to conduct transactions within this District, and such conduct has caused injury to Plaintiff in this District.

14. Venue is proper in the Northern District of California, pursuant to 28 U.S.C. §§1391 and 1392 because the Defendants' transactions in this District constitute a substantial part of the events giving rise to Plaintiff's complaint and because Plaintiff has suffered harm in

9
**COMPLAINT**

this District as a result of Defendants 'transactions. Defendant, Pacific Gas and Electric Company is located in the City of San Francisco, the County of San Francisco, and the State of California. Specifically, Pacific Gas and Electric Company fraudulently presented that if Plaintiff paid them a security deposit, her utility services would not be terminated. Based on this deceptive and misleading representation, Defendant duped Plaintiff to immediately pay the security deposit of $1,592 to Defendant, Pacific Gas and Electric Company. The defendant, Pacific Gas and Electric Company perpetrated their deception that at issue in this case, in this District. According, venue is proper.

## INTRADISTRICT ASSIGNMENT

15. Assignment to the San Francisco Division of this Court is appropriate under Civil L.R. 3-2, in that the claims asserted herein arose in the counties of San Francisco and Contra Costa. Pacific Gas and Electric Company is headquartered in the City of San Francisco, County of San Francisco.

## PARTIES

16. Plaintiff is, and at all times mentioned herein was, a citizen and a resident of the County of Contra Costa, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (10).

17. Defendant, Pacific Gas and Electric Company (PG &E) is an investor-owned utility with public traded stock in the State of California. It is overseen by the California Public Utilities Company. Their primary corporate address is in the City of San Francisco, County of San Francisco, State of California. PG & E is subject to the Constitution and

**10**
**COMPLAINT**

the laws of the United States. Defendant provides energy and natural gas to millions of consumers.

18. Defendant, The Affiliated Group Inc. doing business as Affiliated Credit Services operates as a Debt Collection Agency or "Debt Collector" as defined in Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA) for defendant, Pacific Gas and Electric Company. The Affiliated Group Inc. is subject to the Constitution and the laws of the United States. The Affiliated Group is a Minnesota Corporation with an Agent for Service address at: 7381 Airport View Drive SW Rochester, Minnesota 55902.

19. Plaintiff Jennifer Vera Gutierrez is a "consumer" as the term is defined by 15 U.S.C. §1681a(c)

20. Plaintiff is informed and believes and therefore alleges that Defendants are furnishers if information as contemplated by 15 U.S.C. 1681s-2(b), that regularly, and in the ordinary course of business furnish information to consumer credit reporting agencies.

21. Plaintiff alleges, based on information and belief, that all the named Defendants were implementing official policies, customs and practices under color of state or local law in doing the acts alleged in this complaint, these defendants named exhibited deliberate indifference to Plaintiff's constitutional guaranteed rights by virtue of their conduct, failed to supervise others, participated in the advancement and/or continuation of other Defendants' actions and/or knowingly acquiesced in the conduct of others by clearly violating clearly established laws. These Defendants knew or should have known, that their conduct would result in a deprivation and/or continuing deprivation of Plaintiff's civil rights under both the federal and the California constitutions.

22. The true names and capacities, whether individual, corporate, associate, partnership or otherwise, of Defendants named herein as DOES 1 through 15 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants are ascertained, Plaintiff will amend the Complaint by inserting said true names and capacities in place of said fictitious names and capacities. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that Defendants, including the DOE defendants, were agents and employees of each other and in doing the acts alleged herein were acting within the scope of that agency and employment. At all times relevant herein, each of the Defendants, including the DOE defendants, was the agent, servant, partner, officer, director, or employee of each of the remaining Defendants and was doing the acts herein complained of within the scope of his/her/its agency and employment.

## FIRST CAUSE OF ACTION

### VIOLATION OF FAIR DEBT COLLECTIONS PRACTICES ACT "FDCPA"

Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

24. Defendants' Debt Collection Efforts attempted and/or directed toward Plaintiff violate various provisions of the FDCPA, including but limited to 15 U.S.C. §§1692d. 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

25. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and

**12**
**COMPLAINT**

is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT "FCRA"

Count II of Plaintiff's Complaint is based on Fair Credit Reporting Act, 15 U.S.C. *Cal. Civ. Code § § 1681 et seq 1788 et seq.* (FCRA)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendants' continued and inaccurate and negative reporting of a discharged debt in light of its knowledge of the actual error was willful. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA, including, but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § § 1681 *et seq.*

28. As a result of each and every willful violation of the FCRA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C § 1681 (a)(1)(A); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

# THIRD CAUSE OF ACTION

## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

Count III of Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788 et seq.* (RFDCPA)

29. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in all of the above paragraphs of this Complaint as though fully stated herein.

30. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1692 *et seq.*

31. Defendant, Pacific Gas and Electric Company and Defendant, The Affiliated Group dba Affiliated Credit Services are seeking to collect a consumer debt from Plaintiff as defined by Cal. Civ Code § 1788.10(f).

32. The account in question is a consumer credit transaction as defined by Cal. Civ. § 1788.2(e)as Plaintiff received property and/or services from the Defendants on an extension of credit and such services and/or property was used primarily for personal, family or household purposes.

33. Defendants violated §1788.11(d) of the RDCPA by placing daily collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

34. Defendants violated §1788.11(e) of the RDCPA by placing collection calls to Plaintiff as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances. Their intent was to abuse and harass Plaintiff.

**14**
**COMPLAINT**

# FOURTH CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. §227 ET. SEQ.

Count IV of Plaintiff's Complaint is based on Telephone Consumer Protection Act, 47 U.S.C.

15 U.S.C. *§ 227 et seq.* (TCPA)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA of 47 U.S.C. *§ 227*, *et seq.*

37. As a result of Defendants' negligent violations of 47 U.S.C. §227 *et seq*. Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

38. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

# FIFTH CAUSE OF ACTION

## FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA

## 47 U.S.C. §227 ET. SEQ.

Count V of Plaintiff's Complaint is based on Telephone Consumer Protection Act, 47 U.S.C. 15

U.S.C. *§ 227 et seq.* (TCPA)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA of 47 U.S.C. *§ 227, et seq.*

41. As a result of Defendants' negligent violations of 47 U.S.C. §227 *et seq*. Plaintiff is entitled treble damages, as provided by statute up to $1,500 for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

## SIXTH CAUSE OF ACTION

### CIVIL CONSPIRACY AGAINST ALL DEFENDANTS

42. Plaintiff incorporates and realleges by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. On or about October 18, 2017 through the present day, Defendants and Defendants' co-conspirators knowingly and willfully conspired and/or agreed among themselves to defraud Plaintiff and to injure Plaintiff with a pattern of deceptive and malicious conduct including but not limited to: (1) Requesting a security deposit to guarantee utility services for Plaintiff's residence/home office for the purpose of deceiving Plaintiff (2) Inducing Plaintiff to immediately pay the $1,592 security deposit and to enter into an agreement to receive utility services under false pretenses; (3) To deny the amount Defendants billed and sent via U.S. Mail to Plaintiff's residence and use collection officers/employees to

humiliate and mock Plaintiff for "not knowing the amount of her debt to keep utility services on" (4) Using a third party debt collection company, Affiliated Credit Services to harass and intimidate Plaintiff.

44. Defendants and Defendants' co-conspirators did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and the above-alleged agreement.

45. In doing the things herein alleged, Defendants acted with malice and oppression, as defined under California Civil Code § 3294(c), with the intent to cause injury to Plaintiff, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendants and deter them from engaging in similar misconduct against other consumers.

46. As a proximate result of the wrongful acts herein alleged, Plaintiff has diverted needed resources to addressing the consequences of Defendants' fraud, thereby suffering pecuniary loss, and has suffered reputational harm as a result of Defendants' fraudulent and deceptive conduct and dissemination of false and misleading information.

47. Defendants' ongoing conspiracy to defraud, as described above, presents a continuing threat to Plaintiff. If Defendants are allowed to continue their wrongful acts, Plaintiff will continue to live and work without basic needs of electricity/solar and gas services. She will suffer further immediate and irreparable injury and loss.

## SEVENTH CAUSE OF ACTION

### PROMISSORY FRAUD AGAINST PACIFIC GAS AND ELECTRIC COMPANY

48. Plaintiff incorporates and realleges by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. On September 25, 2017, Pacific Gas and Electric Company opened a new account number #1431657055-6 for Plaintiff's residence located at 3985 Bolinas Place Discovery Bay (Byron), CA 94505. They requested a security deposit; the amount was "an average which equaled to two highest billed months"; $1,592.00. The security deposit was established as a guarantee and promise to provide electric/solar and gas services to Plaintiff residence. Absent a security deposit, Defendant Pacific Gas and Electric was not obligated to provide electric/solar and natural gas services. Defendant, PG & E made a promise to not terminate utility services if the security payment was promptly paid and at the time of the actions herein alleged, Plaintiff was unaware of the falsity of Defendants' promises and believed them to be true.

50. When Defendants made these promises on October 18, 2017, Defendants knew them to be false and had no intent to honor them. Defendants made these promises with the intent to deceive and defraud Plaintiff and to induce Plaintiff to actin in reliance on the promises in the manner herein alleged, or with the expectation that Plaintiff would so act.

51. Plaintiff, at the time Defendants made these promises and at the time of the actions herein alleged, was unaware of the falsity of Defendants' promises and believed them to be true.

52. In reliance on Defendants' promise. Plaintiff provided Pacific Gas and Electric Company with the security deposit of $1,592.00 on October 18, 2017. Defendants terminated Plaintiff's utility services and refused to restore the services unless an amount of $19,859.00 was paid. Defendants have stated that they plan to keep the security deposit of $1,592 although they are not providing utility services. On information and belief, the security deposit was improperly and surreptitiously acquired as a result of the fraud perpetrated by Defendants.

53. As a result of Defendants' wrongful acts, Plaintiff has suffered and/or will suffer economic harm and irreparable harm caused by the improper acquisition of a security deposit of $1,592 for utility services that Defendant, Pacific Gas and Electric Company is not providing since October 24, 2017. Defendants' disclosure of Plaintiff's confidential information caused harm to the safety, security, and privacy of Plaintiff and her family, harm to the reputation of Plaintiff and her family, her home business, and harm caused the diversion of necessary resources to address the consequences of Defendants' actions. If Defendants are allowed to continue their wrongful acts, Plaintiff will suffer further immediate and irreparable injury and loss.

54. Defendants' actions constitute malice and oppression, as defined under California Civil Code §3294(c), as Defendants fraudulently induced Plaintiff into believing their promises to provide utility services in order to gain a security deposit under false pretenses. Punitive damages are appropriate to punish Defendants and deter them from engaging in similar misconduct against other consumers.

# EIGHTH CAUSE OF ACTION

## FRAUDULENT MISREPRESENTATION

55. Plaintiff incorporates and realleges by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. On October 18, 2017, Defendant made at least the following representations to Plaintiff: (1) that a security deposit of $1,592 was due on the new PG & E account number

1431657055-6 to guarantee utility services for Plaintiff's residence at 3985 Bolinas Place Discovery Bay (Byron), CA 94505; (2) That utility services were scheduled to be terminated on Friday, October 20, 2017 if the security deposit of $1,592 was not remitted by Thursday, October 19, 2017  3) PG & E sent an "Energy Statement" via U.S. Mail dated October 13, 2017.  Plaintiff received the notice on October 21, 2017. (EXHIBIT D) The bill amount owed by November 3, 2017 was the security deposit of $1592 and current charges of $21.08 equal to a total amount of $1613.08.  4) The bill sent to Plaintiff was not a 15 day notice or 48 hour Disconnection notice as had been presented by the PG & E representative to Plaintiff via telephone and via email.

57. These representations were false.  Defendant, Pacific Gas and Electric Company without warning on October 24, 2017 disconnected Plaintiff's electric/solar and gas services for NON PAYMENT.  PG & E presented a Demand Notice on Plaintiff's doorknob with same account number but a different amount $19,859 owed to restore services.  This is a completely different representation than the bill with the same account number mailed to Plaintiff on October 21, 2017 and a different amount requested by the PG & E representative via email on October 18, 2017.  (Which Plaintiff promptly paid on October 18, 2017.)

58. When Defendants made these representations, they knew them to be false.  Defendants made these representations with the intent to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on the representations in the manner herein alleged, or with the expectation that Plaintiff would so act.

59. Plaintiff, at the time Defendants made these representations and at the time of the actions herein alleged, was unaware of the falsity of the Defendants' representations and believed

them to be true.

60. In reliance on Defendants' misrepresentations, Plaintiff immediately provided Defendant with the security deposit of $1,592 to guarantee her utility services at her residence/home office located at 3985 Bolinas Place Discovery Bay (Byron), California 94505.

61. As a result of Defendants' wrongful acts, Plaintiff has suffered and/or will suffer economic harm and irreparable harm caused by the improper acquisitions of Plaintiff's security deposit while not providing the utility services. These acts have caused harm to the safety, security and privacy of Plaintiff, her family and her home business. Defendants' disclosure of Plaintiff's confidential information, has caused harm to reputation of Plaintiff, and harm caused by the diversion of necessary resources to address the consequences of Defendants' actions. If Defendants are allowed to continue their wrongful acts, Plaintiff will suffer further immediate and irreparable injury and loss.

62. Defendants' actions constitute malice and oppression, as defined under California Civil Code §3294(c), as Defendants fraudulently induced Plaintiff to pay a security deposit to trust and depend on their guarantee to provide utility services. Punitive damages are appropriate to punish Defendants and deter them from engaging in similar misconduct against other consumers.

## NINTH CAUSE OF ACTION

**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17500 et seq**

**Based on false and misleading advertising (against Pacific Gas and Electric Company)**

63. Plaintiff incorporates and realleges by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. As alleged herein, Defendants made or caused to be made untrue or misleading statements regarding the nature of their services, which Defendants knew or reasonably should have known were untrue or misleading, with the intent to induce Plaintiff to enter into obligations thereto, and with the intent not to provide services as advertised, in violation of California Business and Professions Code §17500, *et seq*.

65. These and other statements identified herein are false. Defendants advertised their services as a "new PG & E utility account" and sent a "Welcome to Pacific Gas and Electric Company" package to Plaintiff via U.S. Mail as part of a scheme designed to deceive Plaintiff. Pacific Gas and Electric Company entered into false agreements with Plaintiff, Defendants disseminated false and misleading information concerning Defendants' services and advertised their services with the intent not to provide them as advertised in violation of California Business and Professions Code §17500.

66. An action for injunctive and restitution is specifically authorized under California Business and Professions Code § 17535.

67. The false advertising of Defendants, as described above, presents a continuing threat to Plaintiff. If Defendants are allowed to continue their wrongful acts, Plaintiff will suffer further immediate and irreparable injury and loss.

## TENTH CAUSE OF ACTION

**VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 *et seq***

**Based on Commission of Unlawful, Unfair and Fraudulent Acts**

68. Plaintiff incorporates and realleges by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. As alleged herein, Defendants have committed "unlawful" acts of unfair competition, as defined by California Business and Professions Code §17200, by: (1) conspiring to defraud and defrauding Plaintiff; (2) breaching written agreements (3) engaging in false advertising in violation of California Business and Professions Code § 17500.

70. Plaintiff reserves the right to allege other violations of law which constitute unlawful business practices. Such conduct is ongoing and continues today.

71. Defendants have committed "unfair" acts of unfair competition, as defined by California Business and Professions Code §17200, by engaging- and continuing to engage-in conduct that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers. Defendants engaged in this immoral, unethical, oppressive, and unscrupulous conduct for the sole purpose of intimidating, demoralizing, and debilitating Plaintiff to induce her to pay an outrageous amount of money to Defendant to be allowed basic services; electricity, natural gas and access to use her solar panels.

72. Plaintiff had no way of reasonably knowing that Defendants perpetrated a fraudulent scheme to induce Plaintiff pay a security deposit for utility services that PG & E had no intention of providing. The gravity of harm caused by Defendant's conduct as described herein far outweighs the "utility", if any, of such conduct.

73. As a result of Defendants' "unlawful", "unfair" and "fraudulent" acts, Plaintiff has diverted substantial resources to combat the consequences of the Defendants' misrepresentations. Plaintiff has suffered reputational damage as a result of Defendants'

unlawful acts. Without access to a computer server with 12 years of clients' data, plaintiff has suffered injury in fact and lost money and property as a direct result of Defendants' unfair, unlawful and fraudulent conduct. Defendants engaging- and continuing to engage-in conduct that deceives members of the public.

74. An action for injunctive relief and restitution is specifically authorized under California Business and Professions Code § 17203.

75. As a result of Defendants' "unlawful", "unfair" and "fraudulent" acts, Plaintiff has diverted substantial resources from her family and business to instead combatting Defendants' misrepresentations and protect herself from future harm. Plaintiff, her family and business have also suffered reputational damage as a result of Defendants' unlawful acts. Plaintiff has thus suffered injury in fact and has lost money and property as a direct result of Defendants' unlawful unfair and fraudulent conduct.

76. Defendants' unlawful, unfair and fraudulent practices, as described above, present a continuing threat to Plaintiff. If Defendants are allowed to continue their wrongful acts, Plaintiff will suffer further immediate and irreparable injury and loss.

## ELEVENTH CAUSE OF ACTION

## 42 U.S.C. § 1983, Violation of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment; Art I, § 7

77. Plaintiff incorporates and realleges by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. By disconnecting Plaintiff's solar panels, electricity and natural gas at her residence at

**24**
**COMPLAINT**

3985 Bolinas Place Discovery Bay (Byron), CA, 94505 on October 24, 2017, the acts of Defendants, their employees and agents have created a danger for Plaintiff by exposing her to the elements in the winter without adequate protection.

79. The Due Process clause was designed to protect the rights of the citizens from procedures which often serve more to insulate the state from individuals than to serve their needs. The Constitution recognizes higher values than speed and efficiency. *Stanley v. Illinois* 405 U.S. 645, 656, 92 S. Ct. 1208, 31 L.Ed.2d 551 (1972)

80. Pacific Gas and Electric Company does not have an established procedure for resolution of partial payment of delinquent accounts in lieu of termination. If a billing dispute arises, a customer can file an informal complaint with the California Public Utilities Commission. Pacific Gas and Electric Company still establishes the amount of the security deposit to guarantee utility services while an investigation takes place.

81. The mere theoretical possibility of informal resolution cannot serve as a substitute for a mandatory procedural mechanism designed to prevent unjust deprivation of important property interests. "The right to a fair and open hearing is one of the rudiments of fair play assured to every litigant by the Federal Constitution as a minimal requirement." *Railroad Com v. Pacific Gas Co.,* 302 U.S. 388, 393, 58 S. Ct. 334, 338, 82 L. Ed 319 (1938).

82. The fact that gas/electric service, at least in the context of this case, is a necessity in the ultimate sense that one's life may depend on it goes toward what type of procedure should be used to ensure that one is not wrongfully deprived of its use. *Joint Anti-Fascist Refugee Committee v. McGrath, supra* 342 F. Supp. At 243 that the "protection of the individual from the sudden, unexpected and catastrophic consequences of the company's

termination procedures is an interest that outweighs any possible loss the company might suffer in complying.

83. By placing a burden upon a customer to justify or explain nonpayment of a bill would be violative of the principle that one asserting something to be due him shall have the burden of legal action and proof. *Wood v. City of Auburn* 97 Me. 287, 293, 32 A 906, 908 (1895)

84. The conduct of Defendants, and each of them, as herein alleged, deprived Plaintiff of the following rights, privileges and immunities secured to her by the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States:

(a) The Right of Plaintiff to due process of law under the Fourteenth Amendment to the Constitution of the United States

85. Pacific Gas and Electric Company has further deprived Plaintiff of her rights under the Equal Protection Clause through its failure to follow its own protocol for termination of electric and natural gas services, specifically its failure to : 1) issue a "15 day Notice" to disconnect followed by a "48 hour" Notice to disconnect services and instead terminate s electric, solar and natural gas service solely at their discretion.

86. In violation of 42 U.S.C. § 1983, Pacific Gas and Electric Company used its powers under color of state law to interfere with Plaintiff's home business, by depriving her of legally cognizable property interest without due process of law.

87. As a proximate result of conduct of Defendants described above, Pacific Gas and Electric Company has disrupted Plaintiff's business, resulting in loss of customers, loss of commissions and significant limitation on Plaintiff's ability to conduct business. In addition, the action of Pacific Gas and Electric Company has increased the cost to

Plaintiff in her efforts to restore electric, solar and natural gas services in violation of 42 U.S.C. § 1983.

88. Plaintiff has suffered shock and injuries to her nervous system, all of which injuries have caused and continue to cause Plaintiff great mental and nervous pain and suffering, and Plaintiff was further deprived of her rights, privileges and immunities secured to her by the Constitution of the United States. Plaintiff has suffered and continues to suffer actual and potential injury to her health and safety are is entitled to compensatory damages for her property and other injury to her person. The acts of Defendants and each of them were willful, wanton, malicious, and oppressive and designed to injure Plaintiff, and justly an award of exemplary and punitive damages.

# TWELFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

89. Plaintiff incorporates and realleges by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. Plaintiff is informed and believes, and on that basis alleges that Defendants decided individually and collectively, that they would disconnect Plaintiff's electricity/solar and gas services at her residence/home office after collecting a security deposit with the knowledge that this would prevent the Plaintiff from taking any steps to stop their actions and that it would inflict the greatest possible shock and emotional distress upon Plaintiff.

91. The Defendants knew that Plaintiff relied on her solar/electricity for repairs being

performed at her home after water damage had occurred, they were also aware that Plaintiff operated her self-employment business at her residence, that the efforts she had made were at the outer limits of her economic capability and that the disconnection of these essential services would cause her, her family and her business immeasurable sorrow, humiliation, despair and other forms of emotional distress.

92. Said conduct by these Defendants was outrageous, despicable and designed to expose Plaintiff to dire conditions, to ridicule, scorn intolerable in a decent society. It was foreseeable that Plaintiff would suffer irreparable injury as a proximate result of said conduct.

93. The conduct of Defendants denied Plaintiff's constitutional and statutory rights and resulted in infliction of severe and extreme emotional distress. Said acts were outrageous, despicable and intolerable in a civilized society. Said conduct by these Defendants was undertaken with complete lack of due care for the rights of Plaintiff; was committed with a reckless and careless disregard for the foreseeable harm which was likely to result to Plaintiff; and proximately cause Plaintiff injury and damage.

94. As a direct and proximate result of said outrageous conduct by the Defendants, and each of them, Plaintiff suffered severe emotional distress, mental anguish, embarrassment and humiliation.

95. Defendants acted maliciously oppressively, and with a conscious, reckless, willful and callous disregard of the probably detrimental consequences to Plaintiff, knowing that said conduct was substantially certain to injure Plaintiff.

96. The lack of due care on the part of said Defendants in carrying out their duties and official policies caused Plaintiff economic loss, loss of earning capacity, loss of

reputation and standing in the community, severe emotional distress and mental anguish, embarrassment, and general damage in an amount according to proof.

97. Defendants, and each of them engaged in said conduct with deliberate indifference for, and in reckless disregard of Plaintiff's constitutional and statutory guaranteed rights with oppression and/or malice and with the intent to cause Plaintiff injury and embarrassment. As a consequence, Plaintiff is entitled to recover compensatory, special, punitive and exemplary damages according to proof as well as costs.

## TRIAL BY JURY REQUESTED

Plaintiff requests a trial by jury in this matter.

## PRAYER

WHEREFORE Plaintiff prays for relief as follows:

(1) That judgment be entered in favor of Plaintiff against Defendants on each and every claim in this Complaint.

(2) Defendants should be subject to an injunction requiring the reconnection of Plaintiff's Electric/Solar and gas services as the disconnection was unlawful, and violated procedural and substantive due process.

(3) Restitution of all monies expended by Plaintiff as a result of Defendants' unlawful, unfair and fraudulent business practices.

(4) For General, compensatory and special damages in the amount of $5,000,000 (Five million dollars);

(5) For Statutory penalties and damages in such amounts as the Court deems just and proper.

(6) Punitive damages pursuant to California Civil Code §3294;

(7) That the Court award Plaintiff her costs and disbursements for this lawsuit as provided by law and;

(8) That the Court grant such other and further relief as it deems just and proper.

## VERIFICATION

I, Jennifer Vera Gutierrez, declare as follows:

1. I am a Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of California.

2. I have personal knowledge of myself, my activities and my intentions, including those set out in the foregoing VERIFIED COMPLAINT, and if called on to testify I would competently testify as to the matters stated herein.

3. I have personal knowledge of Pacific Gas and Electric Company, The Affiliated Group, their activities, policies and procedures, including those set out in the foregoing VERFIIED COMPLAINT, and if called on to testify I would competently testify as to the

matters stated herein.

4. I verify under penalty of perjury under laws of the United States of America that the factual statements in this *Complaint* concerning myself, my activities, and my intentions are true and correct, as are the factual statements concerning Pacific Gas and Electric Company, The Affiliated Group, their activities, and their intentions.

DATED: May 10, 2018

BY: JENNIFER VERA GUTIERREZ

Plaintiff in pro se